IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lawon Lalita Jones, | ) | C/A No. 8:11-796-JFA-JDA |
|                 Plaintiff, | ) | |
| v. | ) | ORDER |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
|                 Defendant. | ) | |

The plaintiff, Lawon Lalita Jones, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The plaintiff's objections to the Report are duplicative of the issues that were presented to and addressed by the Magistrate Judge, that is, that the ALJ erred in

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

assigning very little weight to the opinion of the treating physician/cardiologist and that the ALJ "played doctor" in deciding that the treating physician's opinion was not supported by his treatment notes. In her objections to the Report, the plaintiff continues this argument, suggesting another layer of error by the Magistrate Judge in finding that the ALJ's decision was proper under the substantial evidence standard. Having reviewed the record in light of the plaintiff's objections and under the appropriate standards, the court adopts the Report and concurs with both the reasoning and the result reached by the Magistrate Judge.

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 1, 2012                             Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge